Case 4:13-cv-0088● Document 5 Filed 01/27/14 Page 1 of 10 PageID 52

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 27 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § § | NO. 4:13-CV-881-A (NO. 4:11-CR-061-A) |
| AUDIE EUGENE COUCH | | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Audie Eugene Couch, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, to which the government filed a response. Having now considered all of the parties' filings, the entire record of this case, including the record in movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

<u>Background</u>

On June 10, 2011, movant pleaded guilty to one count of possession of a controlled substance, methamphetamine, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). On September 23, 2011, the court sentenced movant to a term of imprisonment of 480 months, to be followed by a five-year term of supervised release. The United States Court of

Appeals for the Fifth Circuit affirmed. <u>United States v. Couch</u>, 490 F. App'x 679 (5th Cir. 2012). Movant did not seek certiorari review.

## II.

### Grounds of the Motion

Movant raised three separate groups of claims, all alleging his attorney, Mark Danielson ("Danielson"), rendered ineffective assistance of counsel. In the first group, movant claimed Danielson: failed to interview witnesses; misrepresented his sentencing potential; had a poor attorney-client relationship with him, which included not filing pretrial motions, a motion to quash, or a motion for discovery; failed to challenge the drug quantity set forth in the presentence report, file written objections, or file a sentencing memo; and, failed to object when the court caused a violation of the attorney-client privilege.

As to his second group of claims, movant complained that the court prevented him from being represented by counsel of his own choosing, improperly injected itself in the sentencing proceedings, and failed to properly apply the factors found in 18 U.S.C. § 3553(a) during sentencing, and that Danielson failed to object to all of the foregoing.

The third ground for relief alleged that Danielson failed to

object to the drug quantity determination as set forth in <u>Alleyne v. United States</u>, ---- U.S. ----, 133 S. Ct. 2151 (2013), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A. Legal Standards Applicable to Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prevail on such a claim, movant must show that counsel's performance was deficient and that movant was prejudiced by counsel's errors. Id. at 687. Prejudice requires movant to show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). While both prongs of the Strickland test must be met to demonstrate ineffective assistance, both need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697.

Judicial scrutiny of this type of claim must be highly

4

deferential; movant must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. First Group of Claims

Movant first complained that Danielson failed to protect his interests because Danielson "presented" him for a "debriefing" by the case agent, yet made no attempt to negotiate a plea agreement. Mot. to Vacate, Set Aside or Correct Sent. ("Mot.") at 8.

It is well-settled that a criminal defendant "has no right to be offered a plea." Missouri v. Frye, --- U.S. ----, 132 S. Ct. 1399, 1410 (2012) (citation omitted). To establish prejudice

5

in the context of a guilty plea requires movant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To prove prejudice, a prisoner must demonstrate a "reasonable probability" that, but for the attorney's deficient representation, the court would have accepted the terms of the plea agreement. Frye, 132 S. Ct. At 1409-10; Lafler v. Cooper, --- U.S. ----, 132 S.Ct. 1376, 1385 (2012).

Hence, for movant to show he was prejudiced by Danielson's failure to pursue a plea agreement, he must demonstrate a reasonable probability that such an agreement would have been presented to, and accepted by, the court. Movant has not attempted to make such a showing, nor would such an attempt prove fruitful.

At movant's sentencing hearing, the court noted movant's extensive criminal history and "the likelihood that you'll continue to commit crimes, if you ever get out on the street again." Sentencing Tr. at 29. The court's thought, as expressed to movant, was that movant should "[n]ever be on the street again," and to that end, the court indicated it would "impose a life sentence" if at all possible. Id. However, because the court was constrained by the statutory and sentencing guideline

6

ranges, it instead imposed the 480-month maximum sentence allowed. Given the court's stated intention to keep movant incarcerated as long as possible, movant cannot demonstrate a reasonable probability that the court would have accepted any plea agreement for a lesser sentence, nor has he alleged anything Danielson could have done differently to change the outcome.

Movant also complained that Danielson persuaded him to reveal confidential information in his proffer. However, at movant's sentencing hearing, the court confirmed that nothing movant said in his proffer had been used against him. Sentencing Tr. at 17-18. Movant has not directed the court to a single example in the record as would show otherwise.

Movant also maintained that Danielson made no effort to locate or interview witnesses. However, because a decision as to whether a witness should be called "is a strategic trial decision," the Fifth Circuit "has held that complaints of uncalled witnesses are 'disfavored' as a source of Strickland habeas review." United States v. Harris, 408 F.3d 186, 190 (5th Cir. 2005) (internal citation omitted). Assertions regarding what a witness may have testified to or what evidence they may have been able to provide are "largely speculative" and unreliable. See Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir.

7

2002). To demonstrate prejudice on this ground, movant must also show that the testimony would have been favorable and that the witness would have testified at trial. Id.

Here, movant does not identify any of the purported witnesses he claims Danielson should have called, and he has not provided the court with affidavits, nor suggested in the motion, the subjects about which they would have testified. Nor is there any indication that the unnamed witnesses would have testified favorably on movant's behalf. Under these circumstances, movant cannot show prejudice. Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001).

Movant also complains that he was coerced to plead guilty because Danielson allegedly told him his sentence would be two-to-five years. The government interpreted this complaint as movant's contention that his guilty plea was unknowing and involuntary.

The record fails to support movant's claim. During his rearraignment hearing, movant informed the court that he had read and signed the factual resume, discussed the document with Danielson, and understood the legal significance of everything therein. Rearraignment Tr. at 14. The factual resume clearly shows that movant faced a possible penalty of "not less than 5

8

years nor more than 40 years," and movant testified that he understood the possible penalties he faced. Id. at 17-18.

Also during movant's rearraignment hearing, the following exchange occurred:

> THE COURT: Has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> DEFENDANT COUCH: No, sir.
>
> THE COURT: Has anyone mentally, physically, or in any other way attempted in any way to force you to plead guilty in this case?
>
> DEFENDANT COUCH: No, sir.

Rearraignment Tr. at 16-17. At no time during the arraignment hearing did movant raise any allegation of coercion.

During movant's rearraignment hearing he also stated he understood that the court would determine his sentence, and that the Sentencing Guidelines were not binding on the court. Movant admitted he understood the court's explanation that the court was not bound by any stipulated facts, but could consider other facts as well, and would rely heavily on the contents of the presentence report to determine the sentence. After all of the foregoing, the court determined that movant's guilty plea was knowing and voluntary. Rearraignment Tr. at 20-21.

The defendant's representations, as well as those of his

9

lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Movant has failed to sustain his burden in this case.

Further, to obtain habeas relief on the basis of Danielson's alleged representations that are inconsistent with all of the above admissions made by movant in open court, movant must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant is also required to produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. Movant has failed to provide the court with anything to make the required showing.

Movant also made a number of allegations that the government has collected under the general heading of "Attorney-Client

10

Relationship." Resp. to Mot. Under 28 U.S.C. § 2255 at 12. Under this heading are such allegations as Danielson failed to file the pretrial motions requested by movant, including a motion for pretrial discovery and motion to quash his arrest warrant, did not spend adequate time trying to forge a relationship with him, and did not listen when movant tried to discuss that he had been illegally detained and his home searched without a valid warrant.

These complaints are all either conclusory and insufficient to sustain a claim of ineffective assistance, or they are belied by the record. During movant's sentencing hearing, Danielson detailed his attempts to meet with movant and explain various aspects of his case, including the government's evidence, the potential punishment range, the difference between the sentencing guidelines and statutory sentence range, and the futility of filing any discovery motions. Following Danielson's description of his efforts to communicate with movant, the court concluded that it could not "think of anything that Mr. Danielson could have done that he hasn't done. . . ." Sentencing Tr. at 24.

Although movant now argues that Danielson should have moved to quash the arrest warrant and resulting search results, movant does not identify the basis on which Danielson could have filed

11

such a motion, nor is there anything in the motion pursuant to § 2255 to show that Danielson would have succeeded. Danielson also explained at sentencing that movant had asked him to file a motion for discovery, but Danielson told movant he had all the government's discovery, so such a motion would have been futile. Movant fails to identify any of the other pretrial motions he contends Danielson should have filed on his behalf, or how they would have changed the outcome of the proceedings. Accordingly, movant has failed to show he was prejudiced by any of these purported acts or omissions.

Movant also claimed that Danielson did not do enough to question the drug quantity stated in the presentence report, presumably referring to the 60 kilograms of methamphetamine the presentence report concluded movant distributed during the relevant time period. However, this claim is also contradicted by the record. At movant's sentencing hearing, Danielson argued vigorously that the sixty kilograms was unrealistic and unsupported by any other factual evidence. Although Danielson was unable to persuade the court not to consider the sixty kilograms, his failure to do so is not tantamount to ineffective assistance. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

Movant also appears to complain that the court and Danielson violated the attorney-client privilege: the court during movant's sentencing hearing by ordering Danielson to reveal things discussed in a court-ordered meeting between Danielson and movant, and Danielson by complying with the court's order. Movant failed to raise the issue either at sentencing or on appeal, and is procedurally barred from raising it now in a motion pursuant to § 2255. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). Collateral relief under § 2255 is generally limited to issues of constitutional dimensions which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. Id. at 231. To raise an issue for the first time on collateral review, movant must show "cause" for his procedural default and "actual prejudice" resulting from the error. United States v. Frady, 456 U.S. 152, 167-68 (1982). Here, movant makes no attempt to show cause or prejudice for failing to raise this issue on appeal.

Movant's final issue under the first group of claims is that Danielson submitted no written objections to the presentence report, did not file a sentencing memorandum, and made only a "token" argument on movant's behalf. As with many of his previous allegations, these are conclusory and fail to establish

13

ineffective assistance. Movant does not identify the objections he contends Danielson should have made, nor the contents of the sentencing memorandum he believes Danielson should have filed, and he has offered nothing to show these things would have favorably affected the outcome of his case. Although movant describes Danielson's argument at sentencing as a "token" one, the record reveals that Danielson argued at length on his client's behalf, and raised a number of points in urging the court to impose a sentence below the statutory maximum and the bottom of the guideline range. Movant makes no showing of anything that Danielson could have done differently that would have changed the outcome in movant's favor. That Danielson was unsuccessful in his efforts does not constitute defective assistance. Youngblood, 696 F.2d at 410.

C. Second Group of Claims

Movant's claim that the court prevented him from obtaining counsel of his choosing is meritless. As an initial matter, movant failed to raise this issue on appeal, and he is procedurally barred from pursuing this claim on collateral review. Shaid, 937 F.2d at 232. Movant makes no attempt to show cause or prejudice for failing to raise this issue on appeal, and that alone is sufficient to deny this claim.

14

Even considering the merits, however, movant fares no better. A criminal defendant who does not require appointed counsel generally has a right to counsel of his or her choice. <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 144 (2006). Such a right is not without limitations, however, as the court has "wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar." <u>Id.</u> at 152 (internal citations omitted).

Here, movant notified the court by letter dated August 14, 2011, of concerns he had with Danielson's representation. Danielson met with movant as ordered by the court, and indicated in his report to the court that movant had spoken about obtaining new counsel. However, as of the date of movant's sentencing hearing, no attorney other than Danielson had entered an appearance on movant's behalf.

At movant's sentencing hearing, movant's brother informed the court that he had contacted a new attorney, David Richards ("Richards"), who had agreed to represent movant. However, Richards was unavailable on the date set for movant's sentencing, and movant orally asked the court for a continuance so that Richards could be present. Neither movant nor his brother offered anything from Richards confirming that he had agreed to

represent movant, or of his availability for a particular date. In essence, then, movant sought an open-ended continuance for the purpose of engaging new counsel. The court is not required to suspend a proceeding indefinitely on the suggestion that a new attorney might be able to one day represent a defendant.

In addition, the reasons for movant's desire to obtain new counsel weighed against allowing movant a continuance to substitute counsel: movant was upset about the potential sentence Danielson had told him he faced. However, the court affirmed that Danielson told movant "exactly the truth" about his potential sentence, and questioned what movant would "accomplish by having some other lawyer" tell movant something that was untrue. Sentencing Tr. at 19. The essence of movant's motivation for seeking new counsel was thus an attempt to delay the inevitable.

Weighing all of the foregoing, the court declined to grant movant's oral request for a continuance on the possibility that he could obtain new counsel. Under the circumstances, movant cannot show he was prejudiced by the court's decision. United States v. Jones, 733 F.3d 574, 587-89 (5th Cir. 2013).

Movant also alleged that Danielson was ineffective for not objecting that the court failed to consider the sentencing

16

factors set forth in 18 U.S.C. § 3553(a). The court agrees with the government that this claim is procedurally barred because movant failed to raise it on appeal, and he has not alleged either cause or prejudice to excuse such failure. <u>Frady</u>, 456 U.S. 167-68. Accordingly, this claim is denied.[1]

As part of his second claim, movant also complained that the court "improperly injected himself into the sentencing process" by questioning movant and his brother at length about their attempts to obtain new counsel. Mot. at 11. The court's questions concerning movant's attempts to obtain new counsel were a direct result of movant's request for a continuance to obtain new counsel and were required for the court to consider that request. In any event, Rule 614 of the Federal Rules of Evidence expressly authorizes the court to call and question witnesses. This claim is nonsensical and is denied.

D. <u>Third Claim</u>

Movant alleged that Danielson was constitutionally deficient because he failed to object when the court determined the drug quantity, in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466

---

[1] Even if the court were to consider the merits of this claim, it would fail. During movant's sentencing hearing, after discussing the reasons for imposing the 480-month sentence on movant, the court expressly stated that the sentence "satisf[ied] the objectives of sentencing under 18 United States Code Section 3553(a)." Sentencing Tr. at 30.

(2000), and <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S. Ct. 2151 (2013). This claim, as all his other claims, is without merit.

First, movant's reliance on <u>Alleyne</u> is unavailing. The Supreme Court has made clear that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001). The Supreme Court has not declared <u>Alleyne</u> to be retroactively applicable on collateral review, and that case affords movant no relief.

Second, because the sentencing guidelines are now advisory, rather than mandatory, the district court is free to find by a preponderance of the evidence all facts relevant to sentencing without violating a defendant's Sixth Amendment rights. <u>United States v. Whitfield</u>, 590 F.3d 325, 367 (5th Cir. 2009). <u>Apprendi</u> did not change this rule, but established only that a jury must decide any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum." <u>Apprendi</u>, 530 U.S. at 490. Here, movant's sentence did not exceed the statutory maximum; instead, at sentencing, the court stated that it would have sentenced movant to a lifetime term of imprisonment, but was limited by the statutory maximum of forty

years. Hence, any objections on the basis of <u>Apprendi</u> or <u>Alleyne</u> would have been meritless. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." <u>Clark v. Collins</u>, 19 F.3d 959 (5th Cir. 1994).

V.

Order

Therefore,

The court ORDERS that the motion of Audie Eugene Couch to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 27, 2014.

JOHN MCBRYDE
United States District Judge